1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MARTIN CORONA,                              CASE NO. 07cv1421 WQH (WVG)

12                            Plaintiff,         **ORDER**
               vs.
13   SECRETARY OF HEALTH & HUMAN
     SERVICES; SOCIAL SECURITY
14   ADMINISTRATION,

15                            Defendants.

16   HAYES, Judge:

17         The matters before the Court are the Cross-Motions for Summary Judgment filed by

18   Plaintiff Martin Corona (Doc. # 30) and the Social Security Administration (Doc. # 32), and

19   the Report and Recommendation of the Magistrate Judge.  (Doc. # 34).

20                                   **BACKGROUND**

21         In September of 2004, Plaintiff applied for disability benefits alleging he has been

22   disabled since he lost an eye on February 5, 2004 and became severely depressed. (Doc. # 31,

23   AR at 14.)[1]  On February 1, 2007, the Administrative Law Judge ("ALJ") found that Plaintiff

24   was disabled as of May 1, 2006, but not before that date.  *Id.* at 12.  On June 11, 2007, the

25   Appeals Council denied Plaintiff's request for review of the decision as to the period between

26   February 5, 2004 and May 1, 2006.  *Id.* at 4.  On August 3, 2007, Plaintiff filed a Complaint

27   for Review of Final Decision of the Commissioner pursuant to 42 U.S.C. § 405 (g). (Doc. # 1).

28
               [1] Citations are to the Administrative Record and use the internal pagination which
     appears in the upper right hand corner of each page.

                                            - 1 -                          07cv1421 WQH (WVG)

1   On December 30, 2009, Plaintiff filed a Motion for Summary Judgment. (Doc. # 30). On

2   January 29, 2010, the Commissioner of Social Security filed a Cross-Motion for Summary

3   Judgment. (Doc. # 32).

4       On April 19, 2010, the Magistrate Judge issued a Report and Recommendation

5   ("R&R") which recommends granting in part and denying in part Plaintiff's Motion for

6   Summary Judgment and granting in part and denying in part Defendant's Cross Motion for

7   Summary Judgment and remanding the case to the ALJ for further proceedings. (Doc. # 34).

8   The R&R concludes:

9       The Court has found that most of the arguments presented in Plaintiff's Motion
        for Summary Judgment are unsupported by the record in this case. However, the

10      Court has found that conflicts exist between the vocational expert's testimony
        and the evidence provided by the [Dictionary of Occupational Titles].

11      Additionally, the Court has found that evidence in the record shows that Plaintiff
        does not have depth perception and is unable to communicate in English.

12      Therefore, he would be unable to perform the work of the occupations suggested
        by the vocational expert and found by the ALJ. Therefore, it is

13      RECOMMENDED that the case be REMANDED to the ALJ so that he can
        discharge his duties pursuant to SSR 00-4p. Further, it is RECOMMENDED

14      that Plaintiff's Motion for Summary Judgment be GRANTED in part and
        DENIED in part and Defendant's Cross-Motion for Summary Judgment be

15      GRANTED in part and DENIED in part.

16

17  *Id.* at 28-29.  Neither party objected to the R&R.

                            **STANDARD OF REVIEW**
18

19      The duties of the district court in connection with the Report and Recommendation of

20  a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C.

21  § 636(b).  The district judge must "make a de novo determination of those portions of the

22  report ... to which objection is made," and "may accept, reject, or modify, in whole or in part,

23  the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b).  The district

24  court need not review de novo those portions of a Report and Recommendation to which

25  neither party objects.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v.*

26  *Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

27      The ALJ's decision denying benefits "will be disturbed only if that decision is not

28  supported by substantial evidence or it is based upon legal error."  *Tidwell v. Apfel*, 161 F.3d

    599, 601 (9th Cir. 1999) (citation omitted).  "Substantial evidence is more than a mere scintilla

1  but less than a preponderance." *Id.* (citation omitted).

2  **DISCUSSION**

3  The Court has reviewed the R&R in its entirety.  The Court concludes that the

4  Magistrate Judge correctly determined that the ALJ did not err in determining that Plaintiff's

5  limited intellectual functioning did not impair Plaintiff's ability to perform simple repetitive

6  tasks.  The Court concludes that the Magistrate Judge correctly determined that the ALJ did

7  not err in consulting a vocational expert rather than referring to the Medical-Vocational

8  Guidelines.  The Court concludes that the Magistrate Judge correctly determined that the ALJ

9  erred in relying on vocational expert testimony without establishing that the testimony was

10  consistent with the Dictionary of Occupational Titles and that this failure constitutes reversible

11  error.

12  IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation

13  (Doc. # 34) is adopted in its entirety.  Plaintiff's Motion for Summary Judgment (Doc. # 30)

14  is **GRANTED IN PART and DENIED IN PART.**  Defendant's Cross Motion for Summary

15  Judgment (Doc. # 32) is **GRANTED IN PART and DENIED IN PART.**  The Court

16  **remands in part** to the Social Security Administration for further administrative proceedings

17  consistent with the Report and Recommendation.

18  DATED:  July 26, 2010

19  _William Q. Hayes_

20  **WILLIAM Q. HAYES**
United States District Judge

21

22

23

24

25

26

27

28