# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CORONA<br><br>      Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>      Defendant. | CIVIL NO. 07cv1421 WQH(WVG)<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion for Attorney Fees (ECF No. 36) pursuant to the Equal Access to Justice Act filed by Plaintiff Martin Corona.

**I. Background**

  In September of 2004, Plaintiff applied for disability benefits alleging that he had been disabled since February 5, 2004. On February 1, 2007, the Administrative Law Judge ("ALJ") found that Plaintiff was disabled as of May 1, 2006. On August 3, 2007, Plaintiff filed a Complaint for Review of Final Decision of the Commissioner pursuant to 42 U.S.C. § 405 (g) in this Court seeking disability benefits for the period between February 5, 2004 and May 1, 2006. (ECF No. 1).

  On December 30, 2009, Plaintiff filed a Motion for Summary Judgment. (ECF No. 30). On January 29, 2010, the Commissioner of Social Security filed a Cross-Motion for Summary Judgment. (ECF No. 32).

  On April 19, 2010, the Magistrate Judge issued a Report and Recommendation

("R&R") which recommends granting in part and denying in part Plaintiff's Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment and remanding the case to the ALJ for further proceedings. (ECF No. 34). The Magistrate Judge stated: "Plaintiff argues that the ALJ erred in relying on expert vocational testimony regarding what jobs Plaintiff could perform because he did not establish that the evidence was consistent with the Dictionary of Occupational Titles (hereafter "DOT")." *Id*. at 22. The Magistrate Judge found that for each of the jobs identified by the vocational expert:

> there is a conflict between the vocational expert's testimony and the evidence provided by the DOT. Further, the ALJ's decision does not comport with his own findings and evidence presented in the record. The ALJ did not ask the vocational expert about any possible conflict between his testimony and the evidence provided by the DOT. Consequently, the ALJ did not discharge his duties pursuant to SSR 00-4p.

*Id.* at 24-26.

The Magistrate Judge concluded:

The Court has found that most of the arguments presented in Plaintiff's Motion for Summary Judgment are unsupported by the record in this case. However, the Court has found that conflicts exist between the vocational expert's testimony and the evidence provided by the [Dictionary of Occupational Titles]. Additionally, the Court has found that evidence in the record shows that Plaintiff does not have depth perception and is unable to communicate in English. Therefore, he would be unable to perform the work of the occupations suggested by the vocational expert and found by the ALJ. Therefore, it is RECOMMENDED that the case be REMANDED to the ALJ so that he can discharge his duties pursuant to SSR 00-4p. Further, it is RECOMMENDED that Plaintiff's Motion for Summary Judgment be GRANTED in part and DENIED in part and Defendant's Cross-Motion for Summary Judgment be GRANTED in part and DENIED in part.

*Id.* at 28-29. Neither party objected to the R&R.

On July 26, 2010, this Court adopted the Magistrate Judge's R&R in its entirety. (ECF No. 35). The Court stated: "The Court concludes that the Magistrate Judge correctly determined that the ALJ erred in relying on vocational expert testimony without establishing that the testimony was consistent with the Dictionary of Occupational Titles and that this failure constitutes reversible error." *Id*. at 3. The Court remanded Plaintiff's case to the Social Security Administration for further administrative proceedings consistent with the R&R.

On March 24, 2010, Plaintiff filed the Motion for Attorney Fees. (ECF No. 36). On

April 21, 2011, Defendant filed an Opposition. (ECF No. 38).

**II.     Discussion**

    **A.     Entitlement to Fees**

Plaintiff contends that he is entitled to attorney's fees under the Equal Access to Justice Act ("EAJA") on the grounds that Plaintiff was the prevailing party, Defendant's position was not substantially justified, and there are no special circumstances to make an award of attorney's fees unjust. (ECF No. 36 at 11). Attorney for Plaintiff, Mary Mitchell, has submitted her declaration along with an itemized record of her time expended on this case. Plaintiff seeks $7,165.52 for attorney's fees which is comprised of 41.66 hours of work at the rate of $172.00 per hour[1] and $300.00 for paralegal services which is comprised of 5 hours of work at the rate of $60.00 per hour for a total of $7,465.52.

Defendant contends that Plaintiff is not entitled to fees under the Equal Access to Justice Act on the grounds that the majority of Plaintiff's arguments were rejected. Defendant contends that the ALJ's reliance on the evidence submitted by the vocational expert was substantially justified on the grounds that the vocational expert's testimony was not challenged at the administrative hearing and any error was harmless.

The Equal Access to Justice Act provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also Love v. Reilly,* 924 F.2d 1492, 1496 (9th Cir. 1991)

---

[1] The parties do not dispute the application of an hourly rate of $172.00. *See e.g.*, 28 U.S.C. § 2412(d)(2)(A) (setting the hourly rate cap at "$125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee.); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005) ("Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI-U') for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate.). Plaintiff has calculated the cost of living adjustment by multiplying the base rate by the current CPI-U and dividing by the CPI-U in the month that the cap was imposed. The Court finds that an hourly rate of $172.00 is appropriate.

1  ("Under the EAJA, the prevailing party is automatically entitled to attorney's fees for any fee
2  litigation once the district court has made a determination that the government's position lacks
3  substantial justification.").

4        The government's position is substantially justified "if it has a reasonable basis in law
5  and fact" to rely upon the ALJ's assessment; reasonable basis means "a degree that could
6  satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2 (1988). The
7  reasonableness of the government's position is not determined by "the fact that [the C]ourt
8  agreed or disagreed with the Government." *Id.* at 569. Reasonableness is determined by
9  examining both the agency's underlying conduct and the agency's subsequent litigation
10 position, which led this Court to order a remand. *See Gutierrez v. Barnhart*, 254 F.3d 1255,
11 1259 (9th Cir. 2001) (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Where the
12 administrative law judge commits a fundamental procedural error in plaintiff's case, "[i]t
13 follows *a fortiori* the government's defense of the [administrative law judge's] procedural
14 errors [is] not substantially justified...." *Shafer v. Astrue,* 518 F.3d 1067, 1072 (9th Cir. 2008).

15       The administrative law judge relied on the vocational expert's testimony, but the
16 administrative law judge did not ask the vocational expert whether his testimony was
17 consistent with the Dictionary of Occupational Titles. Defendant sought summary judgment
18 on the grounds that "Plaintiff was represented by an attorney at the hearing who did not object
19 to the vocational expert's qualifications nor question his testimony." (ECF No. 23-1 at 7).
20 Defendant argued that "Plaintiff fail[ed] to point out any conflicts between the vocational
21 expert's testimony and the DOT[]" and that Plaintiff was "obviously capable of working in the
22 past regardless of his limited English-speaking capability." *Id.* at 8.

23       "To rely on vocational expert testimony, *the ALJ must ask* the [vocational expert] if his
24 or her testimony is consistent with the [Dictionary of Occupational Titles]." *Massachi v.*
25 *Astrue*, 486 F. 3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling 00-4p which
26 provides that "the adjudicator has an *affirmative responsibility to ask* about any possible
27 conflict between that [vocational expert's]... evidence and information provided in the
28 (DOT).") (emphasis added). This Court finds that Defendant's position was not substantially

1  justified because the administrative law judge had a duty to ask whether his the vocational
2  expert's testimony conflicted with the dictionary of Occupational Titles.  This is consistent
3  with this Court's July 26, 2010 Order adopting the findings of the Magistrate Judge, in which
4  the Court found that "the ALJ erred in relying on vocational expert testimony without
5  establishing that the testimony was consistent with the Dictionary of Occupational Titles and
6  that this failure constitutes reversible error."  (ECF No. 35 at 3).  The Court concludes that
7  Defendant's position was not substantially justified, and that Plaintiff is entitled to attorney's
8  fees.

### B.     Reasonableness of Fees

10  Fees awarded pursuant to the EAJA must be reasonable, and the party seeking such fees
11 bears the burden of proving that the fees and hourly rate requested are reasonable. *Hensley v.*
12 *Eckerhart*, 461 U.S. 424 (1983); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.
13 1992) (it is plaintiff's burden to document "the appropriate hours expended in the litigation by
14 submitting evidence in support of those hours worked").  District courts have discretion in
15 determining the amount of a fee award, including the reasonableness of the hours claimed by
16 the prevailing party. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) ("the district
17 court [has] discretion to determine the amount of a fee award, given its superior understanding
18 of the litigation and the desirability of avoiding frequent appellate review of what essentially
19 are factual matters.") (quotation omitted); *see also Gates*, 987 F.2d at 1398.

20  Where fees are not shown to be reasonable, the court may reduce the award accordingly.
21 *Hensley*, 461 U.S. at 433-34.  28 U.S.C. § 2412 provides: "The court, in its discretion, may
22 reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent
23 that the prevailing party during the course of the proceedings engaged in conduct which unduly
24 and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. §
25 2412(d)(1)(C).

### 1.     Failure to Comply with Orders

27  On August 3, 2007, this case was initiated and Plaintiff was represented by attorney
28 Frank De Santis.  (ECF No. 1). On January 28, 2008, the Magistrate Judge issued an "Order

Scheduling Pretrial Motions Cut- Off Date" which stated all pretrial motions must be filed so that they may be heard on or before May 27, 2008 (ECF No. 10).  On January 5, 2009, the Court issued an Order to Show Cause as to why this case should not be dismissed without prejudice for failure to prosecute, stating that "[s]ince January 28, 2008, nothing has happened in this case." (ECF No. 11). On January 14, 2008, De Santis filed a "Declaration of Frank De Santis in Response to Order to Show Cause Why Case Should not be Dismissed by Court."  (ECF No. 12). On February 27, 2009, the Court issued an order stating: "The Court will give Plaintiff a final opportunity to comply with the scheduling order of the Court. The Magistrate Judge shall issue another order scheduling pretrial motions cut-off date. No further extensions will be allowed absent extraordinary circumstances."  (ECF No. 17).  The Magistrate Judge issued an Amended Order Scheduling Pretrial Motions Cut-off Date stating that all pretrial motions must be filed so that they may be heard on or before May 1, 2009.  (ECF No. 18).

On May 7, 2009, attorney Mary Mitchell filed a motion to substitute in as the attorney of record for Plaintiff.  (ECF No. 19). On May 20, 2009, the Court granted attorney Mary Mitchell's motion.  (ECF No. 20).  On July 15, 2009, this Court issued an Order to Show Cause as to why the case should not be dismissed based on Plaintiff's failure to prosecute and failure to comply with the Court's orders.  (ECF No. 22).  On August 17, 2009, Plaintiff filed a response to the Order to Show Cause and "request[ed] the Court return the case to the docket and allow the matter to be disposed of on the merits."  (ECF No. 23 at 6).  On September 4, 2009, this Court issued an Order stating that "Plaintiff has shown cause why this case should not be dismissed. The magistrate shall enter a new scheduling order. No further extensions will be allowed absent extraordinary circumstances."  (ECF No. 24 at 1-2).  On September 8, 2009, the Magistrate Judge issued a Second Amended Order Setting Briefing Schedule and Hearing Date on Cross-Motions for Summary Judgment stating "Plaintiff must file a motion for summary judgment on or before September 28, 2009.... The matter will be heard on November 30, 2009 ...."  (ECF No. 25 at 1). On November 30, 2009, Plaintiff filed an Ex Parte Motion for Extension of

Time to File Pre-Hearing Motions seeking a ninety-day extension. (ECF No. 27). On December 1, 2009, the Honorable Magistrate Judge Gallo issued a minute entry setting a hearing on Plaintiff's Ex Parte Motion for December 18, 2009. (ECF No. 28). The Magistrate Judge held a hearing on Plaintiff's Ex Parte Motion and issued an order granting the extension of time stating: "No further extensions of time for the filings of Motions for Summary Judgment will be granted." (ECF No. 29 at 1).

      Defendant contends that Plaintiff is not entitled to recover fees for "work related to her own failures to comply with this Court's scheduling orders" and "for her own time management issues ...." (ECF No. 38 at 6). Defendant contends that the following entries relate to Plaintiff's failure to comply with scheduling orders and should be excluded:

1.     07/19/09 Review United States District Court email re: Order to Show Cause (Document 22) - 0.25;

2.     08/17/09 Transcribe, review, edit Response re: Order to Show Cause (Document 23) - 3.25; Review and edit Certificate of Service - 0.12; Review United States District Court email re: Response to Order to Show Cause and Certificate of Service (Document 23) - 0.08;

3.     08/18/09 Review United States District Court email re: electronic filing protocol - 0.08;

4.     09/04/09 Review United States District Court email re: Order granting a new Scheduling Order (Document 24) - 0.25;

5.     09/09/09 Review United States District Court email re: Second Amended Order Setting Briefing Schedule and Hearing Date on Cross-Motions for Summary Judgment (Document 25) - 0.12

6.     11/20/09 Phone call to Mary Wiggins re: time extension - 0.12; Phone call to United States District Court clerk re: scheduling order extension - 0.12;

87     11/30/09 Transcribe, review, edit email to United States District Court Judge with proposed Order on Ex Parte Motion for Extension of Time (Document 27) - 0.17; Review and edit Certificate of Service - 0.12; Review United States District Court

email re: proposed Ex Parte Motion for Extension of Time - 0.08;

8. 12/01/09 Review United States District Court email re: Minute Order setting hearing (Document 28) - 0.08;

9. 12/18/09 Attended hearing with Magistrate Judge Gallo re: proposed Ex Parte Motion for Extension of Time, Travel roundtrip to courthouse; parking; wheelchair access - 2.75; Review United States District Court email re: Minute Order granting Ex Parte Motion for Extension of Time (Document 29) - 0.12;

(ECF No. 36-3 at 2-3).

The Court finds that Plaintiff's counsel "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The Court finds that Plaintiff's requested fees listed above are not reasonable because they relate to attorney Mitchell's efforts to cure her failure to prosecute and failure to comply with the Court's scheduling orders. Accordingly, the Court reduces Plaintiff's requested fee award by 7.71 attorney hours at a rate of $172.00 per hour ($1,326.12).

### 2. Clerical Work

Defendant also contends that Plaintiff is not entitled to recover paralegal or clerical fees. Defendant contends that the following entries relate to paralegal or clerical work and should be excluded:

1. 03/13/09 Clerical/Paralegal Prepare letter, documents, copies, postage and mail documents to client - 1.25;

2. 12/18/09 Clerical/Paralegal Provide transportation roundtrip to United States District Court due to wheelchair parking - 2.75;

3. 1/21/10 Clerical/Paralegal Prepare letter to the Hon. William Q. Hayes with courtesy copy to Plaintiff's brief and mail to USDC - 1.00.

(ECF No. 36-3 at 2-3).

The Court finds that Plaintiff's request to recover fees related to the clerical work performed by her paralegal is not reasonable. *See Missouri v. Jenkins*, 491 U.S. 274, 288

n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) ("[T]he court should disallow not only hours spent on tasks that would normally not be billed to a paying client [such as conferences with paralegal and paralegal's communication with the court], but also those hours expended by counsel on tasks that are easily delegable to non-professional assistance.") (quotation omitted). Accordingly, the Court declines to award the 5 hours of clerical/paralegal work at a rate of $60.00 per hour ($300.00) requested by Plaintiff.

### 3.     Remaining Work Performed in this Case

Defendant contends that the fees listed from March 11, 2009 to April 26, 2009 totaling 17.34 hours are unreasonable on the grounds that the time requested is for services Plaintiff provided "well before she was associated with this case." (ECF No. 38 at 5). Defendant contends that 3 hours is excessive for "Ms. Mitchell to 'review' the 'email' this Court issued on December 28, 2009 wherein it uploaded the administrative transcript that had already been lodged ..." (ECF No. 38 at 6). Defendant contends that 4.25 hours is excessive for "Ms. Mitchell to review this Court's Report and Recommendation and perform 'cross checks' with Plaintiff's and the Commissioner's Motions for Summary Judgment." *Id.* at 7.  Defendant contends that 5.82 hours is excessive for "Ms. Mitchell to complete her EAJA motion including transcribing and reviewing her itemized hours." (ECF No. 38 at 7).

Mitchell submitted a declaration in which she states that "[a]ll of the time spent on this case was necessary in order to provide effective representation of my client." (ECF No. 36-2 at 2). Mitchell states that she "accepted this case at the District Court level after 19 documents had already been filed on the case. [She] had to review all documents in the court's file as well as the previous attorney's 212 page complete document history." *Id.* at 3. Mitchell states in her declaration that "I spent extra hours on this particular case for the following reasons: (a) The transcript contained over 236 pages of documents; (b) [there were] 7 issues within Plaintiff's Motion for Summary Judgment; (c) [there were] 22 pages of concentrated legal argument/case law; (d) [there were] 11 pages of Defendant's

1  Opposition Motion; (e) [there were] 30 pages of Report and Recommendation; [and] (f) I
2  did not represent Plaintiff at the Administration level ...."  (ECF No. 36-2 at 2).
3       After reviewing Plaintiff's Motion for Attorney's Fees and the attached billing
document, the Court finds that the time spent reviewing documents in preparation for this
case, reviewing the email uploading the administrative transcript, reviewing the Report and
Recommendation, performing "cross checks" with Plaintiff and the Commissioner's
Motions for Summary Judgment, and preparing the EAJA motion is reasonable given the
facts of this case.  *See e.g, Gomez v. Astrue,* Case No. 06cv2051 BTM (NLS), 2008 WL
3200668 at *3-4 (S.D. Cal. Aug. 5, 2008) (awarding plaintiff's counsel fees for 11 hours of
work related to the preparation of the EAJA motion and reply); *Mendoza v. Bowen*, 701 F.
Supp. 1471, 1472 (N.D. Cal. 1988) (finding that plaintiff's counsel reasonably expended 50
hours on a case that lacked any novel issues).

       In addition, Plaintiff contends that the fee award should be paid directly to Plaintiff's
counsel.  Defendant contends that any fee awards should be paid to Plaintiff.  The Supreme
Court has held that fee awards should be paid to Plaintiff, not Plaintiff's counsel.  *Astrue v.
Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2526-27 (2010) (citing 28 U.S.C.A. § 2412(d)(1)(A) ("a
court shall award to a prevailing party")).  Accordingly, payment shall be made to
Plaintiff.

**III.    Conclusion**

       IT IS HEREBY ORDERED that the Motion for Attorney Fees pursuant to the
Equal Access to Justice Act filed by Plaintiff Martin Corona  (ECF No. 36) is granted in
part.  Plaintiff is entitled to a total award of $5,839.40 which is comprised of 33.95 attorney
hours at the rate of $172.00 per hour.

DATED: September 15, 2011

                                          *William Q. Hayes*
                                          **WILLIAM Q. HAYES**
                                          United States District Judge